**CITY OF BLOOMINGTON, Appellant,**

v.

**REVIEW BOARD OF the DEPARTMENT OF WORKFORCE DEVELOPMENT and Sherman C. Debro, Appellees.**

No. 93A02–0210–EX–866.

Court of Appeals of Indiana.

Sept. 4, 2003.

Linda Runkle, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

The City of Bloomington (the City) appeals a ruling of the Review Board of the Department of Workforce Development (the Review Board) granting Sherman C. Debro's application for unemployment benefits. The City challenges the correctness of that determination.

We reverse.

The facts as found by the Review Board are that Debro was a firefighter employed by the City. On November 12, 2001, the City's Public Safety Board placed Debro on administrative leave at the recommendation of Fire Chief Jeff Barrow. The circumstances that led to that recommendation are as follows: While employed as a firefighter, Debro had been arrested on March 10, 2001 on charges of battery against a minor, a class D felony. Apparently, Debro had an altercation with a female companion, during the course of which Debro's minor daughter received facial injuries. On March 13, he was placed on twenty-four-hour suspension without pay. He did not appeal that disciplinary action. Debro eventually pled guilty to criminal recklessness.

In November of that same year, the Bloomington police chief advised Chief Barrow that Debro had again been arrest-

ed, this time on charges stemming from a second episode of domestic violence. On November 6, Debro was notified that the Public Safety Board would hold a meeting to discuss his employment status. On November 8, 2001, Chief Barlow asked the Public Safety Board to place Debro on administrative leave pending resolution of the charges against him. Debro did not appear at that hearing, but he submitted a request that the administrative leave be granted with pay because of financial reasons, including his obligations to pay child support and premiums for dependent medical insurance, as well as food, shelter, and legal expenses. The Public Safety Board voted to place Debro on administrative leave with partial pay in "an amount to equal the current child support payment . . . and his medical insurance which covers his dependents, and any other amount necessary to compute his wages to equal that sum and no more." *Appellant's Appendix* at 15.

Shortly thereafter, Debro applied to the Indiana Department of Workforce Development (IDWD) for unemployment benefits. The City opposed the application on three grounds. First, the City argued that Debro was not unemployed at the time because he was drawing pay—albeit partial—while he was on administrative leave. Second, the City argued that its statutory power to discipline an employee for conduct unbecoming an officer would be rendered meaningless if that employee is permitted to draw unemployment compensation pending resolution of the charges against him or her. Third, the City argued that, in view of the public trust vested in a firefighter, a suspension occasioned by pending criminal charges against the employee constitutes good cause in connection with the work for terminating employment.

The IDWD rejected the City's arguments and determined that Debro was eligible for unemployment benefits. The City appealed that decision, and the IDWD's decision was upheld by an administrative law judge (ALJ). The City appealed that decision to the Review Board, which affirmed the ALJ's ruling.

"Any decision of the review board shall be conclusive and binding as to all questions of fact." Ind.Code Ann. § 22–4–17–12(a) (West, PREMISE through 2002 1st Special Sess.). On the other hand, the Review Board's decisions may be challenged as contrary to law. In such cases, we examine "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." I.C. § 22–4–17–12(f). When employing this standard, we review determinations of specific or basic underlying facts, conclusions or inferences drawn from those facts, and legal conclusions. *Perfection Bakeries, Inc. v. Review Bd. of Dept. of Workforce Dev.*, 783 N.E.2d 736 (Ind.Ct.App.2003).

In the instant case, the relevant facts are uncontroversial. Neither party disputes that Debro was placed on administrative leave with partial pay as a result of his second arrest in less than one year on domestic violence charges. Thus, we need not set forth here the rules pertaining to a review of the findings of fact. Instead, the City challenges the legal conclusion underlying the Review Board's ruling. We review conclusions of law to determine whether the Review Board correctly interpreted and applied the law. *Id.* The amount of deference given to the Review Board is a function of whether the issue under consideration is within the particular expertise of the Review Board. *Id.*

The City argues that Debro was not entitled to unemployment benefits be-

cause he did not meet the criteria for receiving such benefits, i.e., he was not unemployed at the time, but rather on administrative leave with pay. *See* I.C. § 22–4–8–2(f). We find this argument persuasive and reverse on that basis. We need not undertake a lengthy analysis to arrive at this conclusion. I.C. § 22–4–14–1 provides that "an unemployed individual shall be eligible to receive benefits" so long as that individual meets certain enumerated conditions. The most foundational of those conditions is, of course, that the individual be "unemployed" within the meaning of Indiana's Employment Security Act (I.C. § 22–4–11–1, *et seq.*) (the Act). The Act provides that an individual is employed during "[p]eriods of vacation with pay or leave with pay, other than military leave granted or given to an individual by an employer." I.C. § 22–4–8–2(f) (defining the term "employment"). It is undisputed that Debro was on leave and drawing pay when he applied for unemployment benefits. Thus, we are led to conclude that he was not "unemployed" within the meaning of the Act, *see id.*, and as a result was not eligible for unemployment benefits.

■ We note here that the Review Board concluded that Debro was "unemployed" within the meaning of the Act and therefore did not reach a question that arises upon our conclusion to the opposite effect. That question is, in view of the fact that Debro received only partial pay while he was on administrative leave, was he only partially employed and thus eligible for partial benefits? Debro contends that in the event this court determines that he was not unemployed, "the appropriate remedy would be to remand for a more distinct determination of his employment status." *Brief of Appellee—Review Board* at 5. To the contrary, it appears from the record that there is no factual dispute in that regard. Accordingly, we need not remand for further proceedings in order to develop facts necessary to determine whether Debro is partially employed within the meaning of the Act and thus entitled to partial unemployment benefits.

■ I.C. § 22–4–12–2(b) provides, "Each eligible individual who is partially or part-totally unemployed in any week shall be paid with respect to such week a benefit in an amount equal to his weekly benefit amount, less his deductible income, if any, for such week." Elsewhere, the Act defines "partially unemployed" as occurring when, "because of lack of available work, [an employee] is working less than his normal customary full-time hours for his regular employer and his remuneration is less than his weekly benefit amount in any calendar week. . . ." I.C. § 22–4–3–2. Two elements are necessary to satisfy the definition set out in I.C. § 22–4–3–2. We are concerned here only with the first, which involves the cause of the partial—as opposed to full-time—employment. To satisfy the statute, the partial unemployment must result from a lack of available work. In Debro's case, his partial pay was not attributable to a lack of available work, but instead to an administrative leave imposed for disciplinary reasons. Such does not fall within the boundaries of I.C. § 22–4–3–2.

Our conclusion in this regard is consistent with the spirit and purpose of the Act. I.C. § 22–4–1–1 identifies a primary purpose of the Act as: "to provide for payment of benefits to persons unemployed through no fault of their own[.]" I.C. § 22–4–1–1. First and foremost, we reiterate that Debro is not "unemployed" as that term is used in the Act. Moreover, it cannot accurately be said that his employment difficulties arose through no fault of his own. We conclude that granting benefits in a case such as this, where the employee's alleged misconduct is directly

responsible for the employment woes in question, is inconsistent with the purpose of the Act. This is so whether the curtailment of employment arising therefrom is total or partial in nature. Therefore, Debro is not entitled to partial unemployment benefits under the Act.

Judgment reversed.

ROBB, J., and VAIDIK, J., concur.